IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JESSE ALLAN KUNTZ,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 14-00305 CW<br>    CR 11-00833 CW<br><br>ORDER DENYING 28<br>U.S.C. § 2255<br>MOTION<br>(Docket No. 27) |

Movant Jesse Allan Kuntz, a prisoner currently incarcerated at Folsom State Prison, filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. For the reasons stated below, the Court DENIES the motion.

## BACKGROUND

The motion and the case record show the following facts. On January 31, 2012, Movant plead guilty to one count of knowingly possessing a firearm having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The charge was based on the Contra Costa County Sheriff's discovery of a weapon during a search of Movant's apartment. See Plea Agreement at ¶ 2. Movant admitted that he had previously been convicted of a felony. Id. The plea agreement specified an adjusted offense level of 19 under the United States Sentencing Guidelines, but the parties did not reach agreement on Movant's Criminal History Category. Id. at ¶ 7(c). In addition, the plea agreement provided, "I knowingly and voluntarily agree to waive any right I may have to file any

collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." Id. at ¶ 5.  On July 17, 2012, the Court sentenced Movant to fifty-seven months of imprisonment, to be followed by three years of supervised release. According to Movant's § 2255 motion, he was later prosecuted in Contra Costa County Superior Court.

On January 15, 2014, Movant filed a § 2255 motion, arguing that he is entitled to relief on two grounds.  First, Movant argues that the Court failed to make clear that his federal sentence should run concurrent to his state sentence.  Second, Movant argues that allowing his state sentence to run consecutive to his federal sentence violates the terms of his plea agreement.

## DISCUSSION

Title 28 U.S.C. § 2255(b) provides that, if a "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," the Court may dismiss the motion without seeking a response from the United States Attorney.

As noted above, Movant waived his right to file a § 2255 motion.  Moreover, Movant provides no authority for his contention that this Court should have required his federal sentence to run concurrent to any state sentence.  The plea agreement specifically provided, "I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency."  Plea Agreement at ¶ 13.  Accordingly, the state court's decision to run Movant's

2

sentence consecutive to his federal sentence is not a violation of the terms of the plea agreement.

Finally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1),(4). The Court entered judgment in this case on August 3, 2012. Movant indicates in his motion that his state court case was resolved on December 5, 2012. Accordingly, any § 2255 motion would have been due, at the latest, by December 5, 2013, more than one month before the motion was filed.

## CONCLUSION

For the foregoing reasons, the Court finds that the motion and the case record conclusively show that Movant is not entitled to relief. Accordingly, the Court DENIES the motion. Docket No. 27.

IT IS SO ORDERED.

Dated: 4/14/2014

CLAUDIA WILKEN
United States District Judge

3